UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDMAN BROS. FURNITURE, COMPANY, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:08-CV-1483 (CEJ) ) |
| SLEEP LEVEL LLC, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendants' separate motions to dismiss plaintiffs' complaint. Plaintiffs have filed responses in opposition to the motions and the issues are fully briefed.

I. **Background**

Plaintiff Fredman Bros. Furniture Company, Inc., doing business as Glideaway Bed Carriage Manufacturing Company ("Glideaway") manufactures, imports, and sells mattresses. Plaintiff Group 180, LLC, an affiliate of Glideaway, sells mattresses it purchases from Glideaway at state and county fairs. Defendant Z Enterprises, LLC, doing business as Sleep Zone ("Sleep Zone") was the holder of a trademark registration for the mark "SLEEPLEVEL." On July 15, 2008, Sleep Zone assigned its rights in the trademark to defendant Sleep Level, LLC. Defendant Jack Rodrock is the managing member of Sleep Level, LLC. Plaintiffs allege that defendant Rodrock also had a membership interest in defendant Sleep Zone, which is no longer in business and no longer possesses assets.

Plaintiffs allege that between 2006 and early 2008 Glideaway and Sleep Zone had an agreement pursuant to which Glideaway periodically sold to defendant Sleep Zone mattresses with the SLEEPLEVEL mark. Plaintiffs allege that, on February 28, 2008,

defendant Sleep Zone placed an order for a substantial number of mattresses bearing the SLEEPLEVEL mark. Glideaway acquired the mattresses to fill the order but defendant Sleep Zone refused to purchase the mattresses or to pay an outstanding balance of $25,936.96.

On August 21, 2008, defendant Sleep Level sent a cease-and-desist letter to plaintiffs identifying itself as the owner of the SLEEPLEVEL trademark and demanding that plaintiffs remove the mark from all products. On August 22, 2008, defendant Rodrock sent a letter to the Tennessee State Fair, asking that products and mattresses with the SLEEPLEVEL trademark be removed from the fair.

Plaintiffs seek a declaration (as to all defendants) that they have a license to sell the SLEEPLEVEL inventory (Count I) and that the transfer of the trademark registration from Sleep Zone to Sleep Level was fraudulent (Count II). Plaintiffs assert claims of tortious interference (Count III) and business defamation (Count IV) against defendants Sleep Level and Rodrock; with respect to defendant Sleep Zone, plaintiffs bring claims for breach of contract (Count VI), promissory estoppel (Count VII), account stated (Count VIII), and quantum meruit (Count IX). Finally, plaintiffs seek an injunction barring defendants from communicating with state and county fairs (Count V). Sleep Level has filed counterclaims for trademark infringement and false designation of origin; Sleep Level also seeks an injunction barring plaintiffs from using the SLEEPLEVEL trademark.

II. <u>Legal Standard</u>

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." <u>Bell Atlantic Corp.</u>

v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

### III. Discussion

#### Count I

In Count I, plaintiffs seek relief against all defendants pursuant to the federal and Missouri declaratory judgment statutes, 28 U.S.C. § 2201 and Mo. Rev. Stat. § 527.010. Plaintiffs assert that, because defendants have failed to accept and pay for mattresses with the SLEEPLEVEL trademark, plaintiffs are licensed to sell the inventory of mattresses and cannot be accused of trademark infringement. Defendants Sleep Zone and Rodrock move to dismiss Count I, asserting that the trademark owner -- Sleep Level -- is the only party with whom the plaintiffs have an actual controversy.

The federal Declaratory Judgment Act authorizes courts to declare the rights of interested parties "[i]n a case of actual controversy." 28 U.S.C. § 2201. The requirement of an "actual controversy" is imposed by Article III of the Constitution.

Diagnostic Unit Inmate Council v. Films Inc., 88 F.3d 651, 653 (8th Cir. 1996). In general, an actual controversy is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). "[A]n action for a declaratory judgment that a patent [or trademark] is invalid, or that the plaintiff is not infringing, [presents] a case or controversy if the plaintiff has a real and reasonable apprehension that he will be subject to liability if he continues to manufacture his product." Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1157 (9th Cir. 2007) (alterations in original).

Plaintiffs contend that they have an actual controversy with respect to defendant Sleep Zone because its transfer of trademark rights to Sleep Level was fraudulent and is voidable under 15 U.S.C. § 1119 and Missouri's Uniform Fraudulent Transfer Act, Mo.Rev.Stat. §§ 428.005 et seq. In response, defendant Sleep Zone does not contest plaintiffs' assertion that the transfer may be voided or the assumption that the trademark would revert to Sleep Zone's ownership. Thus, defendant Sleep Zone's motion to dismiss Count I will be denied. However, because plaintiffs make no allegations that would support a conclusion that defendant Rodrock had or will have an interest in the trademark, his motion to dismiss Count I will be granted.

### Count II

In Count II, plaintiff Glideaway seeks a declaration that defendant Sleep Zone's transfer of the trademark to defendant Sleep Level violated the Missouri Uniform Fraudulent Transfers Act, Mo.Rev.Stat. §§ 428.005 et seq.[1] Glideaway further seeks,

---

[1]The statute provides:

A transfer made . . . by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer . . .:

–4–

*inter alia*, an order voiding the transfer under 15 U.S.C. § 1119 ("In any action involving a registered mark the court may . . . order the cancelation [sic] of registrations.").

With respect to the fraudulent-transfer claim in Count II,[2] defendants argue, and plaintiffs concede, that relief under the Missouri Declaratory Judgment Act is precluded by the availability of a legal remedy under the Uniform Fraudulent Transfers Act. See Levinson v. State, 104 S.W.3d 409, 411 (Mo. 2003) (*en banc*) (party seeking declaratory judgment under Missouri law must show there is no adequate remedy at law). Plaintiffs' claim, pursuant to Mo. Rev. Stat. § 527.010, for a declaration that the trademark was fraudulently transferred will therefore be dismissed.

Plaintiffs allege that defendant Rodrock is a principal of both corporate defendants and that he acted out of his own pecuniary interests. These allegations do not amount to a claim that Rodrock holds an ownership interest in the trademark. Thus, Rodrock is not a proper defendant to the fraudulent transfer claim. Count II will be dismissed with respect to defendant Rodrock.

---

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

    (a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

    (b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

Mo.Rev.Stat. § 428.024.1.

[2]In its reply, defendant Sleep Zone did not renew its arguments that plaintiffs fail to state a claim under 15 U.S.C. § 1119 and cannot recover attorney's fees. The Court thus deems these arguments to be abandoned.

### Count III

In Count III, plaintiffs claim that defendants Sleep Level and Rodrock tortiously interfered with plaintiff Group 180's business expectancies with state and county fairs throughout the country. Plaintiffs also claim that defendants' conduct interferes with the expectation that Group 180 will buy mattresses from Glideaway.

Defendants Sleep Level and Rodrock argue that plaintiffs have failed to allege all the elements of their tortious interference claims. The elements of a claim for tortious interference are as follows: "(1) a valid business expectancy; (2) defendant's knowledge of the relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages." Stehno v. Sprint Spectrum, LP, 186 S.W.3d 247, 250 (Mo. 2006) (*en banc*). A business expectancy need not be based on an existing contract. Id. at 251. Rather, "a probable business relationship that gives rise to a reasonable expectancy of financial benefit is enough." Id.

Plaintiffs allege that they have contracts or business expectancies with state and county fairs. They also allege that defendant Rodrock, acting on behalf of defendant Sleep Level, sent a letter to the Tennessee State Fair requesting that Glideaway and Group 180 be prevented from displaying any product or banner bearing the SLEEPLEVEL trademark. Plaintiffs further allege that they believe Rodrock and Sleep Level have sent similar letters to other state and county fairs. Finally, plaintiffs allege that they have a license to sell the SLEEPLEVEL-marked products and that defendants' actions are therefore unjustified. The Court finds that plaintiffs have adequately stated the elements of a tortious interference claim.

### Count V

In Count V, plaintiffs seek an injunction barring all communications by defendants to state and county fairs concerning plaintiffs. Sleep Zone argues for dismissal of this claim, because it does not own the trademark. If plaintiffs prevail on the claims that they possess a license and that the transfer of the trademark should be vacated, then they may be entitled to the injunctive relief they seek. Sleep Zone's motion to dismiss Count V will be denied at this time.

### Count VI

In the complaint, plaintiffs allege that for several years Glideaway sold SLEEPLEVEL mattresses to Sleep Zone "pursuant to an agreement," and that Sleep Zone sometimes made oral or written requests that Glideaway provide it the mattresses for resale. Complaint, ¶12. Plaintiffs allege that on February 28, 2008, Sleep Zone placed an order for SLEEPLEVEL mattresses which Glideaway subsequently filled at its own expense. Plaintiffs allege further that "[n]otwithstanding that Sleep Zone specifically requested that Glideaway order and secure the Inventory, Sleep Zone has not purchased from Glideaway the vast majority of mattresses Glideaway procured by virtue of Sleep Zone's February 28, 2008 order." Complaint, ¶16. Finally, plaintiffs allege that "Sleep Zone also failed to pay Glideaway $25,936.96 for mattresses bearing the SLEEPLEVEL trademark and other products that Sleep Zone previously received from Glideaway and accepted." Complaint, ¶17. According to the complaint, plaintiffs unsuccessfully made demand for payment.

The elements of a breach of contract claim under Missouri law are: (1) the existence of an enforceable contract; (2) mutual obligations arising under the terms of the contract; (3) one party's failure to perform the obligations under the contract; and (4) resultant damage to the other party. See Midwest Bankcentre v. Old Repulic Title Co. of St. Louis, 247 S.W.3d 116, 128 (Mo. App. 2008). The Court finds that the

allegations of the complaint are sufficient to state a claim of breach of contract under Missouri law. The complaint is not rendered deficient by the lack of specificity as to whether there was more than one contract or as to the manner in which the contract was formed (*i.e.*, in writing or orally). The motion to dismiss Count VI will be denied.

### Count VIII

Plaintiffs purport to assert a claim for account stated in Count VIII. In response to defendant Sleep Zone's motion to dismiss, plaintiffs state that they intend to amend this claim, so no further discussion is required.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Sleep Zone to dismiss [Doc. #21] is **granted as to Count II only, and is denied in all other respects**.

**IT IS FURTHER ORDERED** that the motion of defendant Sleep Level to dismiss [Doc. #15] is **granted as to Count II only, and is denied in all other respects**.

**IT IS FURTHER ORDERED** that the motion of defendant Jack Rodrock to dismiss [Doc. #18] is **granted as to Count I and Count II only, and is denied in all other respects**.

**IT IS FURTHER ORDERED** that plaintiffs shall have until **August 17, 2009**, to amend Count VIII of the complaint.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2009.